UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,
No. 267009,

    Plaintiff,                                                Case No. 2:24-cv-10772
                                                      Hon. Matthew F. Leitman

v.

IONIA CORRECTIONAL
FACILITY STAFF, ET AL,

    Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Derrick Lee Smith is an inmate recently transferred to the Earnest C. Brooks Correctional Facility, in Muskegon Heights, Michigan. He was incarcerated at the Ionia Maximum Correctional Facility when he filed his pro se complaint. Smith asserts that various Michigan Department of Corrections officials threatened to transfer him to the Brooks Facility, where he claims he will be assaulted and killed by two corrections officers who previously threatened his life. (Complaint, ECF No. 1, PageID.1-2.)

All the named Defendants are either MDOC staff or units located at the Ionia Facility, the MDOC itself, and staff or units of the MDOC located in Lansing. Smith

1

seeks an order preventing the transfer that has already occurred, including a temporary restraining order and a preliminary injunction. (*Id.* PageID.3.)

The determination of the proper venue for a civil action in federal court is governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The Defendants and events giving rise to the complaint are located in Ionia and Ingham Counties. Those counties are both part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this District, but the facts alleged in the complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

**IT IS SO ORDERED.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: April 4, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2024, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126